IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSANN BECKER, <br><br> Plaintiff, <br><br> vs. <br><br> GEORGE HARDWOOD, JANIS ALEXANDER CROSS, JAMES HURD, and RANDALL, <br><br> Defendants. | 8:23CV479 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Objection to Pro Se General Order GO 2022-04, Filing No. 4, and a motion captioned as a "Request for Transfer Admissions," Filing No. 5. Additionally, Plaintiff filed a Complaint, Filing No. 1, on October 30, 2023. However, Plaintiff failed to include the $405.00 filing and administrative fees. Plaintiff has the choice of either submitting the $405.00 filing and administrative fees to the Clerk's office or submitting a request to proceed in forma pauperis. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Plaintiff.

**OBJECTION TO GENERAL ORDER**

Plaintiff's objection is difficult to discern. Plaintiff claims that because she is Choctaw Cherokee, she has the right to be appointed as an assistant deputy commissioner and to enforce her rights without payment of fees. However, none of the statutes Plaintiff cites authorize her to file this lawsuit without payment of fees. Accordingly, the objection will be overruled.

Additionally, liberally construed, Plaintiff asserts the United States Attorney must represent her pursuant to 25 U.S.C. § 175 because she claims she is Choctaw Cherokee

Indian. Filing No. 4 at 2. However, § 175 does not require the appointment of counsel any time a member of a federally recognized Indian tribe requests it in any civil suit. The statute provides: "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." 25 U.S.C. § 175. As several courts have recognized, § 175 "is not mandatory and . . . its purpose is no more than to ensure Native Americans adequate representation in suits to which they might be parties." *Scott v. Hormel*, 854 F. App'x 958, 960 (10th Cir. 2021) (quoting *Navajo Nation v. San Juan Cnty.*, 929 F.3d 1270, 1278 (10th Cir. 2019) (internal alterations and quotation marks omitted)); *see also Robinson v. New Jersey Mercer Cnty. Vicinage-Fam. Div.*, 514 F. App'x 146, 151 (3d Cir. 2013) ("the unanimous weight of authority suggests that the duty of representation contained [in § 175] is discretionary, not mandatory"); *Siniscal v. United States*, 208 F.2d 406, 410 (9th Cir. 1953) (same).

Construed liberally, Plaintiff also appears to assert she a right to counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d

791, 794 (8th Cir. 2006). Having carefully considered the record, Plaintiff's objection to the General Order is overruled.

## "REQUEST TO TRANSFER ADMISSIONS"

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible. Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case. Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief. Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Objection to Pro Se General Order GO 2022-04, Filing No. 4, is overruled.

2. Plaintiff's motion captioned as a "Request for Transfer Admissions," Filing No. 5, is denied.

3. Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

4. The Clerk of the Court is directed to send to Plaintiff the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit").

5. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **May 14, 2024**: Check for MIFP or payment.

4

Dated this 15th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4